UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD WILLIAMS (#93824) | CIVIL ACTION |
| VERSUS | |
| SGT. LEBLANC, ET AL. | NO. 11-0724-BAJ-MJU |

### O R D E R

This matter comes before the Court on the plaintiff's Motion to Reinstate, rec.doc.no. 8, which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion shall be denied.

Pursuant to Judgment dated April 18, 2012, rec.doc.no. 7, the above-captioned proceeding was dismissed for failure of the plaintiff to pay the Court's filing fee. The plaintiff did not take an appeal from that Judgment. Now, more than six (6) months later, the plaintiff seeks to re-open this proceeding and obtain substantive consideration of his original claim. Specifically, the plaintiff asserts that he should be excused the payment of the Court's filing fee because he suffers with "bipolar disorder and Tourette's Syndrome," and he thus satisfies the "imminent danger" exception to the filing fee requirement as set forth in 28 U.S.C. § 1915(g).

The plaintiff's contentions are unavailing. Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) provides that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment".

In the instant case, not only do the plaintiff's contentions not fit within any of the specific

enumerated subsections of Rule 60(b), but the Court has previously explicitly determined that the plaintiff's allegations do not meet the "imminent danger" exception of 28 U.S.C. § 1915(g), and the plaintiff was placed on notice of this determination through service upon him of both the Court's Order denying in forma pauperis status and the Judgment dismissing his claim.  There is nothing, apparently, which prevented the plaintiff from presenting evidence or making a timely argument to refute this determination, either prior to dismissal or thereafter, i.e., in a timely motion for new trial under Fed.R.Civ.P. 59(a), or in a timely appeal to the United States Court of Appeals for the Fifth Circuit, neither of which the plaintiff did.

It is well-settled that a Rule 60 motion is not a substitute for a timely appeal and cannot be used to extend the time for an appeal.  See, e.g., Leverton v. Pope, 100 Fed.Appx. 263 (5th Cir. 2004), cert. denied, 549 U.S. 1035, 127 S.Ct. 588, 166 L.Ed.2d 437 (2006); Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984).  In addition, Rule 60(b) is recognized as affording only "extraordinary relief", which carries with it "the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief."  Pryor v. U.S. Postal Service, supra, and cases cited therein.  Where, as here, the petitioner was placed on notice, through receipt of the Court's rulings and Judgment, of the reason for the dismissal and of the factual basis for an argument relative to an "imminent danger" exception, it does not appear that he has shown such unusual or unique circumstances as would excuse his failure to seek relief through a Rule 59 motion or through a timely appeal.  As stated in Pryor v. U.S. Postal Service, supra, in a case where the basis for a Rule 60(b) motion is well-known within the time to appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)."  In such instance, a Rule 60(b) motion filed outside the time for taking an appeal will normally be too late, and the Court finds the plaintiff's motion in the instant case to be too late for this reason.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Reinstate, rec.doc.no. 8, be and it is hereby

**DENIED.** Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this <u>6th</u> day of December, 2012.

                                              **BRIAN A. JACKSON, CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**