UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD WILLIAMS (#93824)  CIVIL ACTION

VERSUS

SGT. LEBLANC, ET AL.  NO.: 11-00724-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff Donald Williams's **Motion to Reinstate 1983 Civil Action Complaint and Plain Error Review** (Doc. 11), seeking an order from this Court reinstating his 42 U.S.C. § 1983 complaint on the basis of plain error, which the Court will interpret as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff asserts that his serious medical condition, including bipolar disorder, places him under the "imminent danger" exception of 28 U.S.C. § 1915(g) and that such a condition allows him to proceed in forma pauperis on his claim. Plaintiff also requests that the Court set a hearing date on the merits of his motion. The motion is unopposed. Oral argument is not necessary.

I. Background

After a review of the record, the Court notes that Plaintiff previously filed a version of the instant motion on November 28, 2012. (Doc. 8.) In the November 28, 2012 motion, Plaintiff essentially sought the same relief that he seeks here, asserting that his medical condition places him within the imminent danger exception of 28 U.S.C. § 1915(g) and that his complaint should be reinstated, irrespective of any filing limitations. *See* Doc. 8. The

Court ruled that Plaintiff had exceeded the frivolous filing limit for pro se litigants, was not in imminent danger, and had failed to perfect a timely appeal of the Court's findings, as Plaintiff filed his motion to reinstate his claim at least six (6) months after a judgment without prejudice was entered. The Court also concluded that Plaintiff had not satisfied the requirements of Rule 60(b), and found no grounds upon which to grant relief. As such, his motion was denied. (Doc. 9.) A final Judgment was entered on December 6, 2012, dismissing Plaintiff's case. (Doc. 10.) On October 11, 2013, nearly one year after final judgment, the instant motion was filed.

II. **Standard of Review**

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; or (5) a judgment that has been satisfied, discharged, reversed or otherwise vacated. Fed.R.Civ.P. 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002). Even as the "grand reservoir of equitable power to do justice," the rule is not easily invoked. *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir. 2011). Further, the burden of establishing at least one of the Rule 60(b) requirements is on the movant, and the determination of whether that burden has been met rests within the discretion of the court. *Card v. Keffer*, 2012 WL 6871559, at *1 (W.D. La. 12/20/12).

III. **Discussion**

Considering the instant motion, the applicable law, and the record in this matter, Plaintiff's motion is DENIED, for the reasons previously cited in the Court's December 6, 2012 order. (Doc. 9.) Plaintiff has not cited any new facts or law that would require a reconsideration of its previous ruling, nor has Plaintiff pointed to any aggravating circumstances that would place him within any threat of imminent danger. Moreover, Plaintiff waited approximately eleven (11) months to file the instant motion after the Court entered final judgment dismissing his case. As noted in the December 26, 2012 order, Rule 60 motion is not a substitute for a timely appeal and cannot be used to extend the time for an appeal. *See, e.g., Leverton v. Pope*, 100 Fed.Appx. 263 (5th Cir. 2004), cert. denied, 549 U.S. 1035 (2006); *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730 (5th Cir. 1984). A Rule 60(b) motion filed outside the time for taking an appeal will normally be too late. Thus, to the extent that Plaintiff seeks to reinstate claims previously dismissed, such request is untimely and without merit.

IV. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Donald Williams's **Motion to Reinstate 1983 Civil Action Complaint and Plain Error Review (Doc. 11)** is DENIED.

Baton Rouge, Louisiana, this 9th day of July, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA